IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-01738-CNS-SBP

NATHAN J. SMITH and
HOLLY M. SMITH,

    Plaintiffs,

v.

WCDTF, *et al.*,

    Defendants.

## ORDER

This matter comes before the Court on United States Magistrate Judge Susan Prose's Recommendation to grant three pending motions to dismiss Plaintiffs' complaint and to dismiss this case in its entirety. ECF No. 83 (Recommendation). Plaintiffs objected to the Recommendation, ECF Nos. 93–94, and Defendants responded, ECF Nos. 98, 101, 102. As set forth below, the Court overrules Plaintiffs' objection and AFFIRMS and ADOPTS the Recommendation.

**I.    SUMMARY FOR PRO SE PLAINTIFFS**

On July 10, 2023, you filed a lawsuit pursuant to 42 U.S.C. § 1983 alleging that Defendants violated your rights under the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Eleventh, and Fourteenth Amendments, and various Colorado criminal

1

statutes. ECF Nos. 1, 23. There are three pending motions to dismiss your fourth amended complaint. ECF Nos. 40, 41, 70. On July 9, 2024, Magistrate Judge Prose recommended that this Court grant all three motions. *See* ECF No. 83.

You filed a two-part objection to her Recommendation. ECF Nos. 93–94.[1] You state that Magistrate Judge Prose made "several clear errors of law," but you do not identify any errors with specificity. You also argue that she displayed bias toward you, but again, you do not show any such bias. You make a point that she "goes as far as bringing up our Indian ethnicity." This is a red herring. Magistrate Judge Prose's sole reference to your race or ethnicity is in response to one of your many challenges directed against Judge Robison and other state court judicial officers. *Compare* ECF No. 73 at 3 ("[O]ur constitutional rights were violated by Judge Robison. [A]ll the other judges took part in the same situation for not only us, but everyone in the case. Especially Judge Flynn and Judge Barrett. Although Indian status is not recognized, Mrs. Smith, and Mr. Smith are both native Americans of federally recognized tribes. Their co-hearant, sovereign immunity should apply. Their land should not be being taken. They technically have Tribal governing status."), *with* ECF No. 83 at 17 ("In asserting that Judge Robison 'has singled them out' and 'has been borderline bias[ed] at times,' Plaintiffs claim that they 'are both native Americans of federally recognized tribes,' ECF No. 73 at 3, but they identify no information in the record indicating that the state court has taken any action motivated by

---

[1] On September 6, 2024, you also filed a 110-page "Motion to Request Deny Defendants Request as Well as Stricken Anymore Filing of Dismissals for the Same Grounds." ECF No. 105. The Court construes this as another objection to the Recommendation. The Court denies this objection as untimely.

2

Plaintiffs' race or ethnicity. Indeed, the state court record evinces no hint of bias against either Plaintiff.").

In sum, you do not meaningfully address Magistrate Judge Prose's analysis or identify factual assertions that she failed to consider. You instead challenge your state criminal prosecutions—for which you provide no actual evidence of bias or corruption—without addressing any of Magistrate Judge Prose's findings with specificity. Thus, as the Court explains in more detail below, the Court has reviewed Magistrate Judge Prose's recommendations and is satisfied that they are sound, the analysis is thorough and comprehensive, and there is no clear error on the face of the record. Dismissal is thus proper.

As the Recommendation makes clear, many of your claims are dismissed without prejudice, which means that you may refile your claims, assuming that you can satisfy the procedural and jurisdictional requirements. *See Crowe v. Servin*, 723 F. App'x 595, 598 (10th Cir. 2018) ("A dismissal without prejudice just means that the plaintiff isn't barred from refiling the lawsuit within the applicable limitations period." (citations and quotations omitted)). However, some of your claims, including all claims against any unidentified federal-officer Defendant, are dismissed with prejudice, which means that you are not allowed to refile these claims. *See Charles v. Hackford*, No. 18-4024, 2018 WL 4006938, at *1 (10th Cir. Apr. 5, 2018) (unpublished) (a "dismissal with prejudice means the plaintiff cannot return to federal court with the same claims" (citing *Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004))).

## II. BACKGROUND

On June 22, 2021, Plaintiffs Nathan Smith and Holly Smith were arrested by officers of the Mesa County, Colorado, on various drug and gun charges. ECF No. 83 at 2–3. Those state criminal proceedings are ongoing. *Id.* at 3.

On July 10, 2023, Plaintiffs filed the instant action alleging unlawful violations of civil and constitutional rights. *See generally* ECF No. 23 (fourth amended complaint). As Magistrate Judge Prose aptly found during her review of Plaintiffs' complaint, this lawsuit "is a direct attack on the ongoing state criminal proceedings against Plaintiffs in Mesa County District Court." ECF No. 83 at 4. Plaintiffs allege that nearly 80 Defendants—consisting of state court judges and prosecutors, multiple state and municipal agencies and officers, and the Federal Bureau of Investigation and United States Drug Enforcement Agency—violated their rights under the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Eleventh, and Fourteenth Amendments, and various Colorado criminal statutes. ECF No. 23. They seek money damages—to the tune of $7.8 million dollars, ECF No. 94 at 11—and injunctive relief. Specifically, they ask the Court to require the "DA to drop, and dismiss this cases [sic] and ALL charges against us," to order that they be "exonerated" in those criminal proceedings and receive "exoneration awards," and "request this court to intervene and provide them a solution or award for the outrageous conduct of the people involved," including the state court "judge and the pretrial services" officers assigned to their state criminal cases. ECF No. 23 at 8, 19.

The Grand Junction Defendants—the City of Grand Junction, the Grand Junction Police Department, Detective Chris Kopp, and Commander Jason Sawyer—moved to

4

dismiss the complaint on February 15, 2024. ECF No. 40. The State Judge Defendants—Defendants Barrett, Gratten, Flynn, and Brauhm (whose real name is "Raaum")—also moved to dismiss the complaint on February 15, 2024. ECF No. 41. The Mesa County Defendants—Mesa County Sheriff's Office, Mesa County Sheriff, Mesa County District Attorney's Office, Tearsa Olsen, Nicole Briggs, and William Perry—filed the third motion to dismiss on April 17, 2024. ECF No. 70.

On July 9, 2024, Magistrate Judge Prose issued a Recommendation that the case be dismiss in its entirety. ECF No. 83. Specifically, for the non-federal Defendants, she recommended all claims against these Defendants be dismissed without prejudice as barred by the *Younger v. Harris*, 401 U.S. 37 (1971) abstention doctrine. *Id.* at 33.[2] For the federal agencies—Defendants FBI and DEA—she recommended that all claims against these Defendants be dismissed without prejudice for lack of subject-matter jurisdiction, and that all claims against any unidentified federal-officer Defendant be dismissed with prejudice as time-barred. *Id.* Plaintiffs filed a two-part objection to the Recommendation, ECF Nos. 93–94, and Defendants responded, ECF Nos. 98, 101, 102.

### III.   LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An

---

[2] In the alternative, Magistrate Judge Prose explained that the conditions-of-confinement claims against all non-federal Defendants may be dismissed with prejudice as time-barred (42 U.S.C. § 1983 claims) or dismissed without prejudice for lack of subject-matter jurisdiction for failure to comply with the Colorado Governmental Immunity Act (state-law tort claims). ECF No. 83 at 33.

objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## IV.   ANALYSIS & ORDER

Plaintiffs appear to summarize their argument on the first page of their objection as follows:

> [The Magistrate Judge] made several clear errors of law within the current situation, including totally unlawful discrimination, and also in the magistrate's report is a very personal, bias sounding 30 page response attacking Mr. & Mrs..Smiths, argument, , attacking their rights to bring the complaint to this court, , attacking and defending the state, and the Judge ( our judge) , then goes as far as bringing up our Indian ethnicity. Then proceeds to defend the lower court some more, and telling us we should continue to proceed through the "tainted" trial as she called it. The magistrates recommendations completely sidesteps every issue raised .

ECF No. 93 at 1 (quoted verbatim from Plaintiffs' objection). Nowhere in Plaintiffs' two-part objection do they address any of Magistrate Judge Prose's findings with specificity. To warrant de novo review, Plaintiffs must identify any perceived legal or factual errors made by Magistrate Judge Prose with specificity. Plaintiffs have not done so.

In short, having reviewed Plaintiffs' objection—and doing so liberally as pro se litigants—the Court finds that there is nothing for this Court to review de novo. General

6

objections to the Recommendation will not suffice. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

Because Plaintiffs have not sufficiently challenged any finding of fact or law in Magistrate Judge Prose's Recommendation, the Court overrules their objection.

### V. CONCLUSION

The Court overrules Plaintiffs' objection and AFFIRMS and ADOPTS Magistrate Judge Prose's Recommendation, ECF No. 83, in its entirety as an order of this Court. Accordingly, the Court ORDERS the following:

- Defendants' motions to dismiss, ECF Nos. 40, 41, and 70, are GRANTED. This case is dismissed in its entirety against all Defendants, including those who have not been served or appeared in this matter.

- Plaintiffs' claims against all non-federal Defendants are dismissed without prejudice as barred by the *Younger* abstention doctrine.

- Plaintiffs' claims against the FBI and DEA are barred by sovereign immunity and therefore dismissed without prejudice for lack of subject-matter jurisdiction.

- Plaintiffs' claims against any unidentified federal-officer Defendant are dismissed with prejudice as time-barred by the two-year statute of limitations for *Bivens* claims.

- Plaintiffs' Motion to Request Judges Instruction, ECF No. 81, and Plaintiffs' Motion to Request District Attorney to Produce 55000 Page Discovery to This Court, ECF No. 82, are DENIED as MOOT.

- The Clerk of Court is directed to close this case.

DATED this 9th day of September 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge